UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RICHARD ROTHERHAM,

        Defendant.
_____/

Case No. 1:02-CR-129

Hon. Richard Alan Enslen

**FINAL ORDER**

This matter is before the Court on Defendant Richard Rotherham's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Also before the Court is Defendant's Motion for Extension of Time to File a Response. The Court will not reach the merits of either motion as Defendant's section 2255 motion is untimely.

Defendant's conviction became final, for section 2255's one-year limitation period purposes, on March 28, 2003.[1] *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Defendant did not file the instant Motion until August 18, 2005.[2] Thus, pursuant to 28 U.S.C. §

---

[1] It is noted that Defendant filed a Notice of Appeal on March 19, 2003, but later voluntarily dismissed his appeal on August 18, 2003. Thus, Defendant's judgment became final on March 28, 2003, as a Notice of Appeal was filed within 10 days but no appellate review was ever sought. *See U.S. v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (defendants are required to pursue an appeal to stay limitations period). Even had the Court calculated his limitations period from August 18, 2003, Defendant's section 2255 motion would be beyond the one-year period (even adding the 90-day period in which the defendant could have petitioned for *certiorari* to the Supreme Court. *Clay v. United States,* 537 U.S. 522, 532 (2003)).

[2] No evidence suggests equitable tolling of the limitations period is appropriate, *Dunlap v. U.S.*, 250 F.3d 1001, 1009 (6th Cir. 2001) (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), nor are any section 2255 exceptions applicable.

2255's clear mandate, Defendant's Motion must be dismissed as untimely, making Defendant's Motion for Extension of Time to File a Response moot.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that section 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or deserves encouragement for some other reason.  Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted.  *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, this Court finds that reasonable jurists would not find Defendant's position debatable with respect to the procedural grounds for denying relief.  Thus, a certificate of appealability will be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Richard Rotherham's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 62) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to File a Response (Dkt. No. 66) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant is **DENIED** a certificate of appealability**.**

DATED in Kalamazoo, MI:  
October 5, 2005

  /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE