UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD ROTHERHAM,

    Defendant.
_____/

Case No. 1:02-CR-129

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Defendant Richard Rotherham's motions for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and to Preserve Sentencing Challenges (titled as a *Dodd* Motion) under *Booker*.[1] The Court will address the motions seriatim.

    Ordinarily, a district court may not alter a term of imprisonment once imposed; however, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon a defendant's motion, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In his instant section 3582(c)(2) Motion, Defendant mistakenly equates the United States Supreme Court's decision in *Booker* (where the Court held the United States Sentencing Guidelines were advisory) to be the equivalent of a United States Sentencing Commission amendment that lowered his sentencing range.

---

[1] *See United States v. Dodd*, 125 S. Ct. 2478 (2005); *United States v. Booker*, 543 U.S. 220 (2005).

Contrary to Defendant's assertions, *Booker* is not the equivalent of an amendment by the United States Sentencing Commission and does not lower his Sentencing Guideline range. *See United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("*Booker* does not provide a basis for a sentence reduction under § 3582(c)."); *United States v. Moreno*, 421 F.3d 1217, 1220-21 (11th Cir. 2005) ("*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions").[2] Thus, this Court is without jurisdiction to alter Defendant's sentence under section 3582(c)(2) and will deny his motion to reduce his sentence under that section.

Turning to Defendant's *Dodd* Motion, Defendant is correct in his belief that the Supreme Court has interpreted 28 U.S.C. § 2255 ¶ 6(3) to mean that the one-year limitation period based on a right newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted. *Dodd*, 125 S. Ct. at 2482. However, the Court also made clear that:

> [B]ecause of the interplay between [28 U.S.C. § 2255] ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.

*Id.* Defendant previously moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on August 24, 2005. That Motion was denied on October 5, 2005.

---

[2] The unreported authority in the circuit courts of appeals has reached the same conclusion. *See United States v. Lizardo*, No. 05-4505, 2006 WL 549017, *1 (3rd Cir. Mar. 8, 2006); *United States v. Culp*, No. 05-3283, 2006 WL 446073, *1 (10th Cir. Feb. 24, 2006); *United States v. Castorena*, No. 04-10996, 2006 WL 449025, *1 (5th Cir. Feb. 22, 2006); *United States v. Rolle*, No. 05-7554, 2006 WL 177596, at *1 (4th Cir. Jan. 25, 2006); *United States v. Sanchez*, 140 Fed. Appx. 409, 410 (3d Cir. 2005); *Hayes v. United States*, 141 Fed. Appx. 463, 464 (7th Cir. 2005); *United States v. Privette*, 129 Fed. Appx. 897, 899 (5th Cir. 2005).

In his *Dodd* Motion, Defendant seeks to preserve a *Booker* challenge to his sentence because it was imposed under the pre-*Booker* mandatory Sentencing Guidelines.  In *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit held that *Booker* does not apply retroactively on collateral review to cases "already final on direct review" at the time the Supreme Court issued the *Booker* decision.  *Id.* at 855, 860-63; *see also McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (holding that *Booker* does not apply retroactively to criminal cases which were final prior to the release of the *Booker* decision on Jan. 12, 2005).  Defendant appealed his sentence to the Sixth Circuit Court of Appeals but voluntarily withdrew that appeal in August 2003.  He has taken no further appellate action.  Accordingly, since Defendant did not have a criminal case pending on direct review when *Booker* was decided, *Booker* has no bearing on his sentence.

The sentencing issues Defendant wishes to preserve would necessitate a second § 2255 motion; however, because *Booker* does not apply retroactively and because of the interplay between § 2255 ¶¶ 8(2) and 6(3), there is no need to preserve any issues relating to Defendant's sentence.  Defendant's subsequent § 2255 motion will be time barred.  *Dodd*, 125 S. Ct. at 2482.  Thus, the Court will deny Defendant's *Dodd* Motion as unnecessary.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Richard Rotherham's *Dodd* Motion (Dkt. No. 68) and Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. No. 69) are **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>April 18, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |